**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENEIDA PERDOMO, et al., | No. C 09-05976 JSW |
|     Plaintiffs, | **ORDER OF DISMISSAL** |
| v. | |
| CARMEN GARCIA, et al., | |
|     Defendants. / | |

On June 24, 2010, the Court issued an Order to Show Cause directing Plaintiffs to show cause as to why the allegations in their Complaint stated viable federal causes of action. On July 9, 2010, Plaintiffs filed their response.[1] Defendant Carmen Garcia ("Ms. Garcia"), who is the only defendant named in the federal claims, has not responded to Plaintiffs' submission and has not appeared in this action.[2] For the reasons set forth in the remainder of this Order, the Court dismisses the federal claims in this action with prejudice and dismisses the state law claims and the cross-claim without prejudice to refiling in state court.

In light of this ruling, the pending motions to dismiss filed by Defendants Coldwell Banker LLC, Brenda Oliveira, Public Storage Franchise, Inc. and U.S. Bank, National

---

[1] Plaintiffs submit a request for judicial notice with their response to the Order to Show Cause, asking the Court to take judicial notice of documents from state criminal prosecutions in which Ms. Garcia was a defendant. Those documents are not necessary to the resolution of the issue before this Court. Accordingly, the request for judicial notice is DENIED AS MOOT.

[2] Ms. Garcia is the named defendant in *United States v. Garcia*, 09-CR-570-MMC and was charged with wire fraud and mail fraud based on many of the same allegations asserted against her in this case. The Court previously vacated a hearing on the motions to dismiss pending a determination as to whether this matter was related to *United States v. Garcia*. Judge Chesney determined that the matters were not related.

Association are denied as moot, and the hearing on those motions set for August 27, 2010 is VACATED.  Plaintiffs' motion to dismiss the Cross-Claim also is denied as moot and the hearing set for September 10, 2010 on that motion is VACATED.

**BACKGROUND**

Plaintiff Zeneida Perdomo ("Ms. Perdomo") is the President and controlling shareholder of Plaintiff Biomeda Corporation ("Biomeda") (collectively "Plaintiffs"), which is a biomedical company that manufactured and sold antibodies, serums, plasma, and related products for diagnosis and research purposes.  (Compl. ¶¶ 11, 13, 15.)  Ms. Garcia was employed by Biomeda and was responsible for processing Biomeda's customer invoices, receiving customer payments, depositing payments into Biomeda's bank account, processing Biomeda's payroll, ensuring that Biomeda timely deposited payroll tax, processing invoices from Biomeda's vendors and for paying those invoices.  (*Id.* ¶ 18.)  Based on these and other allegations, Plaintiffs assert two federal claims against Ms. Garcia: (1) alleged violations of the Racketeer Influenced and Corrupt Organizations Act; and (2) civil forfeiture, pursuant to 18 U.S.C. § 981 for alleged violations of the criminal mail and wire fraud statutes.  Plaintiffs' remaining claims are all state law claims.

**ANALYSIS**

Contrary to Plaintiffs' allegations, the parties are not completely diverse.  Thus, jurisdiction in this Court hinges upon whether Plaintiffs state a viable civil RICO claim.  In resolving this issue, the Court is mindful of the fact that courts "should not read the statutory terms of RICO narrowly.  Rather, as the [Supreme] Court wrote ... 'RICO is to be read broadly.'"  *Odom v. Microsoft Corp.*, 486 F.3d 541, 548 (9th Cir. 2007) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497 (1985)).  According to the Supreme Court, RICO should "be liberally construed to effectuate its remedial purposes."  *Sedima*, 473 U.S. at 498 (citing Pub. L. 91-452 § 904(a), 84 Stat. 947).

Section 1962(c) makes it unlawful "for any person employed by or associated with any enterprise ... to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity...."  Thus, to state a civil RICO claim, Plaintiffs

must allege the following four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima,*, 473 U.S. at 496.

The Court holds that Plaintiffs' RICO claim fails on the first element. The term "conduct" as used in Section 1962(c), "requires an element of direction," and in order "'to conduct or participate, directly or indirectly, in the conduct of such enterprises' affairs'... one must participate in the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 178, 185 (1993). Plaintiffs do not allege that Ms. Garcia is an officer or shareholder of Biomeda, although that fact is not dispositive. *See id.* at 184 (RICO liability "is not limited to upper management"). Rather, Plaintiffs allege that Ms. Garcia used her position within Biomeda, which involved processing invoices and receiving and depositing payments, to transfer funds from Biomeda's accounts to her own accounts. (Compl. ¶¶ 19, 34, 37.c, 38.)

When the Court accepts these allegations as true and in the light most favorable to Plaintiffs, the Court concludes that they are insufficient to establish that Ms. Garcia's position within Biomeda gave her the ability to control its affairs. *See Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008) ("One can be 'part' of an enterprise without having a role in its management and operation. Simply performing services for the enterprise does not rise to the level of direction, whether one is 'inside' or 'outside.'"). Accordingly, the Court finds that Plaintiffs have not sufficiently alleged a viable civil RICO claim.

Plaintiffs also allege a separate claim for relief under the civil forfeiture statute, 18 U.S.C. § 981, and for violations of 18 U.S.C. §§ 1341, 1343. Plaintiffs cite no authority to demonstrate that any of these statutes provide for a private right of action. Indeed, there is authority to the contrary. *See, e.g, Wilcox v. First Interstate Bank*, 815 F.2d 522, 553 n.1 (9th Cir. 1987) (no private right of action under criminal mail fraud statute).

In their response to the Order to Show Cause, Plaintiffs stand on the allegations in their Complaint. Although they request leave to amend, Plaintiffs do not suggest that there are additional facts that could be alleged to allege a viable civil RICO claim. Accordingly, the Court dismisses Plaintiffs' federal claims with prejudice.

Plaintiffs' remaining claims are state law claims and complete diversity is lacking. A district court may decline to exercise supplemental jurisdiction where: (1) a novel or complex issue of state law is raised; (2) the claim substantially predominates over the federal claim; (3) the district court dismisses the federal claims; or (4) under exceptional circumstances. *See* 28 U.S.C. § 1367(c). In order to make this determination, courts should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations and citations omitted).

When, as here, "federal-law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("*Gibbs*"). The United States Supreme Court has explained that "[n]eedless decisions of state law should be avoided as both a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726 (footnote omitted). In this case, it would be equally convenient for the parties to try the remaining claims in state court. Further, the Court has expended few resources in supervising this case. *Trustees of the Construction Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (finding an abuse of discretion where the district court ordered a dismissal of state law claims just seven days before trial and after long delays). Therefore, the principles of comity, convenience, and judicial economy weigh against retaining supplemental jurisdiction in this case. Accordingly, Plaintiffs' state law claims are dismissed without prejudice to refiling them in state court. Because complete diversity is also lacking with respect to the Cross-Claim asserted, the Cross-Claim is dismissed without prejudice as well.

**IT IS SO ORDERED.**

Dated:   August 23, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4